## Sanders Bros. v. Schneidman et al.

(Decided October 16, 1936.)

L. B. ALEXANDER for appellants.

WHEELER, WHEELER & SHELBOURNE, W. M. HUSBANDS, and C. C. GRASSHAM for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This is an appeal from an order denying to appellants the right to intervene and to insist upon the confirmation of a certain judicial sale. The court had ordered the sale of certain property belonging to Rose Schneidman and her husband, and it was sold by T. A. Miller, the master commissioner, on July 10, 1933, and D. A. Yeiser, special commissioner, became the purchaser for $3,000.

On January 4, 1934, and before the confirmation of this sale, Yeiser sold this property to the appellants by a contract containing this:

"It is further agreed between the parties hereto that in order to bind this trade the parties to this contract will sign same, and the said parties of the second part will deposit with the Citizens Savings Bank of Paducah, Kentucky, the cash payment of $1000.00, same to be held in escrow, and the said

first party will deposit in escrow a deed according to the above terms, as soon as he can obtain an order from the Judge of the McCracken Circuit Court. If the said party of the first part is unable to obtain an order from the Judge of the McCracken Circuit Court authorizing said sale, or is unable to get possession of said property, then the parties hereto shall have the right to withdraw these escrow documents and the cash to be returned to said second parties."

One of the very things happened that these parties contemplated might happen. Yeiser (the first party in that contract) was unable to obtain from Judge Price an order authorizing the sale to the appellants (second parties in that contract) and was unable to get possession of the properties, under his bid therefor; hence all appellants were entitled to was to withdraw the money they had placed in escrow.

The court did not err in refusing to allow Sanders Bros. to intervene in the suit against the Schneidmans, hence its judgment is affirmed.